# OCTOBER, 1932

FRED TURMAN v. THE STATE.

No. 15188.  Delivered October 5, 1932.
Reported in 53 S. W. (2d) 301.

The opinion states the case.

*Davenport & Crain,* of Wichita Falls, for appellant.

*Sam B. Spence,* District Attorney, and *Geo. W. Anderson,* Asst. District Attorney, both of Wichita Falls. and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is receiving and concealing stolen property; the punishment, confinement in the penitentiary for four years.

It is contended by appellant that the evidence is insufficient to identify the stolen automobile.  It appears from the state's testimony that R. V. Roden lost a Ford automobile from his garage in Wichita Falls on March 18, 1931.  This car was described by the witness as a "Sport Model Ford Coupe, 1929

Model," the motor number being A2,221,220. On the 21st of March, 1931, according to the testimony of B. G. Williamson, a state's witness, appellant sold him a "1929 Model A, Ford Sport Model Coupe," the motor number being 1,000,421. On the 20th of April, 1931, the witness sold this automobile to Charles Johnson. State's witness Gormley, who was employed by the National Auto Theft Bureau, examined the car Mr. Johnson purchased, and, according to his testimony, discovered that the original motor number was 2,221,220. He testified that there was on the frame of the car a secret number corresponding with the original number found on the motor block. Further, he said that the number 1,000,421 had been stamped on the motor block over the original number, and that the secret number on the frame of the car had been mutilated. Whether the original number was preceded by the letter "A" was not shown in the testimony of this witness, or of any other witness. The witness testified, further, that the secret number on the frame of Ford automobiles was placed thereon at the assembling plants, and that such number corresponded with the number on the motor block. Mr. Roden testified that he did not know whether the car found in Charles Johnson's possession belonged to him (Roden) or not. He said: "I never saw the car that was found in the possession of Charles Johnson out in Lubbock County, Texas. I do not know what car he had in his possession, of my own knowledge; nothing but what I have been told by the insurance company. I do not know whether the car that Charlie Johnson got was my car." The state introduced in evidence several instruments relating to the ownership of the car, showing its transfer to one J. S. Hand from P. Frank Hicks, from Hand to appellant and from appellant to Lubbock Fender and Body Works and from Lubbock Fender and Body Works to Charles Johnson, the party in possession of the car at the time the original motor number was discovered.

Appellant did not testify in his own behalf. J. S. Hand testified for appellant that he sold appellant a "1929 Model Ford Sport Coupe" bearing motor number 1,000,421. He said that this car had been badly burned when he sold it to appellant. In rebuttal, the state introduced a bill of sale executed by appellant showing that the car testified to by Mr. Hand had been sold to one Bob Daugherty and eventually to a Mr. Lawrence. Further, the testimony on the part of the state showed that this car had been stolen from Cecil Pike in the town of Temple on the night of May 6, 1931.

It was incumbent upon the state to prove beyond a reasonable doubt that the automobile sold by appellant to B. G. Williamson and later transferred by B. G. Williamson to Charles Johnson had been taken from the possession of R. V. Roden, as alleged in the indictment. Scoggins v. State, 92 Texas Crim. Rep., 424, 244 S. W., 535. In other words, the burden was on the state to prove the identity of the alleged stolen property with that traced to the possession of appellant. In attempting to discharge this burden, the state relied upon circumstantial evidence, showing that the car Mr. Roden lost was of the same style and model as that traced to the possession of appellant, and attempting to show that the original motor numbers were the same. That the No. 2,221,220 was on the motor block of the car traced to appellant's possession as well as on the motor block of the car lost by Mr. Roden was shown. That the letter "A" preceded the motor number on Mr. Roden's car was established. However, the testimony of the state is silent as to whether the letter "A" preceded the motor number of the car traced to appellant's possession. There was no proof that the motors of Ford cars were numbered consecutively and that there was one number given exclusively to each motor. In short, the record is silent as to the significance of the motor number. In any event, in view of the fact that it was not shown that the letter "A" preceded the motor number found on the car traced to appellant's possession, it cannot be said that such number corresponded with that on the motor block of Mr. Roden's car. Not having seen the car traced to appellant's possession, Mr. Roden was unable to say that it belonged to him. The state having relied upon circumstantial evidence to prove the identity of the stolen automobile, the circumstances must measure up to that standard which the law requires. Scoggins v. State, supra. We are unable to reach the conclusion that the proof was sufficient to show that the automobile traced to appellant's possession had been taken from the possession of Mr. Roden.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.